

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILIP SIMONE and GERTRUDE SIMONE,
        Plaintiffs,

-against-

       ORDER
       09-CV-3904 (TCP)(AKT)

UNITED STATES OF AMERICA,
        Defendant.
-----------------------------------------------------------X

PLATT, District Judge.

Before the Court are cross-Motions for Reconsideration by Plaintiffs (ECF No. 60) and Defendant (ECF No. 61). The parties' motions are **DENIED**.

Upon receipt of a Motion for Reconsideration, a court reviews its decision for "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

The Court did not err in its holding: the fact-finder must make determinations pertaining to genuine issues of fact. The Court, in deciding the Motions for Summary Judgment, was not acting as fact-finder. *See* Order 27 ("[T]he judge's function in reviewing a motion for summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986))). While reviewing the evidence in the light most favorable to Plaintiffs (under the standard for motions to dismiss and motions for summary judgment[1]), the Court stated that it

---

1 *See, e.g., Atl. Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (In deciding a Rule 12(b)(1) motion, the Court must "accept as true all material factual allegations in the complaint."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)) (in reviewing a motion for summary judgment, the Court must resolve all ambiguities and draw all inferences in favor of the non-moving party.)

"believed" Defendant was reckless or grossly negligent (*see id.* at 30-31; *see also* 2010 Order 14 (ECF No. 18)). As the fact-finder at trial, however, the Court might reasonably hold otherwise. As such, the Court held properly that this issue was a genuine issue of fact, which must be determined after a trial.

As the Court does not find an "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice", the Court **DENIES** the parties' cross-Motions for Reconsideration.

**SO ORDERED.**

Dated: October 11, 2012
      Central Islip, New York

                                            Thomas C. Platt, U.S.D.J.